Mr. Justice Teacher
delivered the opinion of the court.
This was writ of error to the circuit court of Lafayette county.
The first objection made. to the judgment of the court below, is that the case was submitted to the jury while a plea to the merits remained without some disposition. This was a special plea of set-off. Such a plea is unknown to the common law and to our statutes. All the advantages, however, to be derived from it are made available in defence with us, under the plea of payment. H. & H. 615, sec. 5. The statute provides that when parties have mutual' dealings and are indebted to each other, the defendant, under the plea of payment,- may give in evidence any bond, bill, receipt or account, and if his account exceed that of the plaintiff, the jury shall find for the defendant, and certify that excess, for which he shall have a scire facias-against the plaintiff. But we have no plea of set-off similar to that, of England. 2 Geo. II. c. 22, sec. 13. The plea was therefore no answer to the action and was- properly disregarded by the plaintiff, who had a right to view it as a nullity. Shropshire, et al. v. Judge of Probate, 4 H. 142.
*600 Another objection, as presented by the record, is, that the court below refused an application for a new trial, which was made upon the ground that one of-the witnesses for the plaintiff omitted to disclose upon the trial all his information of the merits of the case. This omission, it appears, was made inadvertently, and without design, and because the attention of the witness was not directed to the circumstances. This we conceive, was not a substantial reason for a new trial. The defendant had upon the trial full privilege and opportunity to cross-examine the witness, and the reason shows upon its face, a want of diligence; and without a showing of diligence, a new trial is not granted upon the ground of newly discovered evidence.

The judgment is affirmed.